Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | **No. 4:12-cv-02411-PJH** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JUNE QUANTONG, | ) | **PLAINTIFF'S CASE MANAGEMENT** |
| | ) | **CONFERENCE STATEMENT** |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff AF Holdings LLC, by and through its counsel of record, hereby submit this Case Management Conference Statement pursuant to the Clerk's Notice (ECF No. 8), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1.  Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and

---

[1] Per L.R. 16-9, a joint statement could not be attained because Plaintiff is the only party in this case at this time. *See* Exhibit A Declaration of Brett L. Gibbs.

controversy under Article III of the United States Constitution. As John Doe has not been identified or served, he or she has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, John Doe is in the State of California. Plaintiff used geolocation technology to trace the IP address used by John Doe to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

Plaintiff received the identifying information for the account holder of IP address 67.169.35.65 from Comcast Cable Communications LLC ("Comcast"). Upon getting this information and further investigating those with access to IP address 67.169.35.65, among other things, Plaintiff had a sufficient good faith belief to Defendant June Quantong as the infringer in this case. Plaintiff is awaiting the summons from the Court before serving Mr. Quantong.

**2. Facts:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. John Doe is an anonymous alleged copyright infringer.

Plaintiff believes that certain facts in this case, including the following, are undisputed at this time. John Doe, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. (ECF No. 1 ¶¶ 18-24.) John Doe operated under the cover of a network address when he joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. (ECF No. 1 ¶¶ 14, 32-37.) Due to the quasi-anonymous fashion in which John Doe conducted himself online, Plaintiff was unaware of his actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information—at the time of filing its initial Complaint. (*See* ECF No. 1.)

Through unique proprietary software, Plaintiff's agents identified John Doe by a unique IP address, assigned to him by his ISP on the date and at the time of his infringing activity. (ECF No. 5-

1    2 ¶¶ 16, 27.) While these were not the only times of John Doe's infringing activities, this was a

2    snapshot of such activities personally observed by Plaintiff's investigators. (ECF No. 1 ¶ 18-24; ECF

3    No. 5-1 ¶ 27.)  Plaintiff, by and through its investigators, also made a copy of substantial portions of

4    the copyrighted work that John Doe unlawfully distributed or made available for distribution through

5    the file sharing networks, and confirmed that such files contained the work that was subject to

6    Plaintiff's copyright. (ECF No. 5-1 ¶ 25.) A technician collected this data through systems and

7    procedures specifically designed to ensure that the information gathered on John Doe was accurate.

8    (ECF No. 5-1 ¶ 16.) Through Plaintiff's agents' work, it is overwhelmingly clear that an unidentified

9    individual using the IP address 67.169.35.65 unlawfully downloaded Plaintiff's copyrighted works

10   on the Internet via BitTorrent. (*See* ECF No. 1; ECF No. 5-1.)

11   **3. <u>Legal Issues</u>:**

12          Plaintiff believes that it states a *prima facie* case for copyright infringement.

13   **4. <u>Motions</u>:**

14          On May 30, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited

15   Discovery. (ECF No. 5.) On June 1, 2012, the Court granted that Application. (ECF No. 6.)

16   **5. <u>Amendment of Pleadings</u>:**

17          On November 1, 2012, Plaintiff filed its Amended Complaint naming Defendant June

18   Quantong.

19   **6. <u>Evidence Preservation</u>:**

20          Plaintiff's agents at 6881 Forensics LLC ("6881") engaged in real time monitoring of John

21   Doe's infringing activity using its proprietary software. (ECF No. 5-1 ¶ 16, 27.) 6881's proprietary

22   software is effective in capturing granular-level data about the activity of peers in a swarm and their

23   infringing conduct. (ECF No. 5-1 ¶ 16.) 6881's processes are designed to ensure that information

24   gathered about John Doe is accurate. (*Id.*) Once gathered and it is determined that the information is

25   relevant to an upcoming case, this information is stored by 6881 for trial. (ECF No. 5-1 ¶ 26.)

26   **7. <u>Disclosures</u>:**

27          Plaintiff is in the process of formulating and filing initial disclosures.

28

**8. Discovery:**

Plaintiff only recently named the Defendant after a thorough investigation. Plaintiff now awaits the completion of the Rule 26(f) conference before serving formal discovery on Defendant.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that John Doe infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that John Doe has injured the business reputation and business of Plaintiff by John Doe's acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against John Doe, enjoining and restraining John Doe and all others in active concert with him from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring John Doe to destroy all copies of those unlawfully copyrighted files in his possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against John Doe for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

**12. Settlement and ADR:**

Currently, there is no ADR phone conference set in this case. Defendant was named today.

**13. Consent to Magistrate Judge For All Purposes:**

Not applicable.

**14. Other References:**

None that the parties can identify at this time.

///

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case.  Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner.

**17. Scheduling:**

Without John Doe being involved in this process, any schedule would be impossible to map out at this point.

**18. Trial:**

Again, at this point, without John Doe being involved in this process, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff is willing to estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Corporate Party Disclosure Statement and Certification of Interested Entities or Persons. (ECF No. 3.)

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties. (*See* ECF No. 3.)

**20. Other Matters:**

None.

///

///

///

///

1  Respectfully Submitted,

2                                          PRENDA LAW INC.,

3  **DATED: November 1, 2012**

4                              By:    /s/  Brett L. Gibbs, Esq.

5
                                     Brett L. Gibbs, Esq. (SBN 251000)
6                                    Of Counsel to Prenda Law Inc.
                                     38 Miller Avenue, #263
7                                    Mill Valley, CA 94941
                                     blgibbs@wefightpiracy.com
8                                    *Attorney for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3

4

The undersigned hereby certifies that on November 1, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

5

6

7

/s/  Brett L. Gibbs_____
Brett L. Gibbs, Esq.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT      No. 4:12-CV-02411-PJH